**RIEHLE, Appellee, v. CHEVOIT (City), Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6334.   Decided February 21, 1944.

Nicholas Bauer, Cincinnati, for appellee.
R. E. Simmonds, Jr., Cincinnati, for appellant.

## OPINION

By ROSS, P. J.:

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton county, entered upon a verdict of a jury in favor of the plaintiff.

The plaintiff claimed that the proper tenancy of her real estate was impaired by reason of sewage precipitated upon her property through a sewer maintained by defendant.

The plaintiff purchased the property involved September 6, 1928. The petition was filed July 13, 1940. Obviously, any damage the plaintiff might claim would be confined to a period, limited by these two dates.

It is claimed that when the opening statement was made for plaintiff at the trial, counsel for the city asked the Court to limit the proceedings to the confines of the petition and such request was refused. No record of such application appears in the Bill of Exceptions, and the Court, therefore, can not take cognizance of same. However, over repeated objections of counsel for defendant, witnesses were permitted to extend their evidence beyond the period limited by the petition and evidence of diminution in rental values predicated upon conditions existing at the time of the trial (March 18, 1943) and at times following the filing of the petition was admitted. The Court at the close of the introduction of evidence sought to cure this error by instructions to the jury. It is apparent that this could not have been accomplished, for the reason that in the whole proceeding there was no evidence upon which the jury could have predicated a finding of damages, covering the period, fixed by the pleadings.

The defendant made no motion for judgment either before or after verdict. Had such motions been made, judgment for the defendant would have been here entered.

It is true that a trial court may often cure the erroneous admission of evidence by a proper instruction, but when all of the evidence introduced in evidence upon the question of damages is erroneously admitted, it must be apparent that the court cannot entirely remove from the jury's consideration the entire damaging effect of such evidence.

One quotation from the Bill of Exceptions is illustrative of the attitude of the Court toward this extraneous evidence:

"Q. Mrs. Riehle, in other words, when you moved in here, into this property,—will you turn around here a moment? This is supposed to represent your property on the east side of North Bend Road, this being the east line of the North

Bend Road, and this represents the ditch as it now exists on the property. I will ask you whether or not the ground—whether there was an actual defined ditch there when you moved into the property?

A. No.

By Mr. Simmonds: I object. I think, if your Honor please, we may be going stray on what is claimed in the petition.

By the Court: I don't think so, Mr. Simmonds, and let's not direct any conspicuous attention to it.

By Mr. Simmonds:. If your Honor will allow me permission of addressing you later on the same subject, if there is a disagreement between yourself and myself—

By the court: By all means.

By Mr. Simmonds: All right."

It is therefore only within the province of this Court to reverse the judgment of the trial court and remand the case for a new trial. Such is the order of this Court.

HILDEBRANT & MATTHEWS, J. J., concur.